# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

DANIEL SAQUIL-OROZCO,

       Defendant.

No. CR 12-4016-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION IN LIMINE**

_____

In this criminal case, defendant Daniel Saquil-Orozco is charged with two offenses: **Count 1** charges him with being a felon and illegal alien in possession of a firearm, on or about December 18, 2011, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(5), and 924(a)(2); and **Count 2** charges him with being an illegal alien found in the United States, without the consent of the Secretary of Homeland Security, after having been previously removed subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Trial on these charges is set to begin on July 9, 2012.

On June 25, 2012, Saquil-Orozco filed a Motion In Limine And Request For Hearing (docket no. 26), seeking to exclude two categories of evidence: (1) if he testifies, evidence that he had a prior drug felony conviction, pursuant to Rule 609 of the Federal Rules of Evidence, on the grounds that his conviction is irrelevant to his credibility and, in the alternative, that any marginal probative value that it might have on the issue of his credibility will be outweighed by its prejudicial effect; and (2) evidence that marijuana, scales, and alleged drug packaging materials were found in his possession, pursuant to Rule 404(b), on the grounds that such evidence would be irrelevant and, in the alternative, that any marginal probative value it might have would

be outweighed by its prejudicial effect. On July 2, 2012, the prosecution filed a Response To Defendant's Motion In Limine (docket no. 38). In its Response, the prosecution represents that (1) it will cross-examine the defendant, should he testify, about the fact that he has a felony conviction, but will not explore the nature of that conviction before the jury, but (2) it will not offer evidence of Saquil-Orozco's drug-trafficking activities in its case in chief. In light of the prosecution's Response, I do not find that a hearing on Saquil-Orozco's Motion is necessary.

Rule 404(b) of the Federal Rules of Evidence prohibits admission of prior convictions and "bad acts" simply to show a propensity to commit a charged offense, but does permit such evidence to be admitted for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b). In pertinent part, Rule 609 permits evidence of a defendant's prior conviction to be admitted for purposes of attacking the defendant witness's truthfulness, if the crime was punishable by imprisonment in excess of one year, and "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." FED. R. EVID. 609(a)(1).

More than a decade ago, the Eighth Circuit Court of Appeals explained some of the differences between Rule 404(b) and Rule 609, as follows:

> [T]he respective rules operate in two completely different situations. In a criminal setting, evidence offered under Rule 404(b) is substantive evidence against the accused, i.e., it is part of the government's case offered to prove his guilt beyond a reasonable doubt. Rule 609 evidence on the other hand has to do with the accused's ability to tell the truth when testifying on his or her own behalf. While both rules speak of "probative value" and "prejudice," it is critical to note that evidence offered under the respective rules is probative as to different matters. The probative character of evidence under Rule 609 has to do with credibility of a witness, while 404(b) "probativeness" essentially goes to the question of whether or not the

> accused committed the crime charged.  Any similarity or
> overlap in the standards of admissibility under the respective
> rules is irrelevant because the rules apply to completely
> distinct situations.

*United States v. Valencia*, 61 F.3d 616, 619 (8th Cir. 1995).

Here, I conclude that Saquil-Orozco's 2007 conviction for possession of cocaine base with intent to deliver is admissible pursuant to Rule 609, if the defendant testifies, but only if I conclude that "the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  FED. R. EVID. 609(a)(1).  The Eighth Circuit Court of Appeals has concluded that a relatively recent conviction for a drug felony is probative of a defendant's credibility, within the meaning of Rule 609, "because of the 'common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005) (quoting *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993)); *Valencia*, 61 F.3d at 619 (evidence of a defendant's prior felony conviction is admissible pursuant to Rule 609 only if it goes to the defendants truthfulness).  However, I conclude that no part of such probative value of a prior drug conviction actually arises from the nature of the conviction as for a *drug crime*, but from its nature as a *felony* conviction.  *Cf. id.* (pointing to the probative value of a prior drug felony for Rule 609 purposes as relating to commission of a felony, not as relating to the nature of the felony).  Moreover, any unfair prejudice arising from evidence that Saquil-Orozco has a prior felony in this case is negligible, where the jury will already be aware of his prior felony conviction from the felon in possession of a firearm charge in **Count 1**, and I will instruct that a defendant's prior conviction can only be used to determine his credibility.  *Cf. id.* (concluding that, where evidence of the defendant's prior conviction already was admitted under Rule 404(b), and where the jury was properly instructed that it should consider the evidence only for its effect on the defendant's credibility, not as proof of the crime, the danger of

unfair prejudice by repetition of the evidence was "negligible"). Thus, I agree with the prosecution that, weighed against the minimal danger of unfair prejudice from use of a prior felony conviction, without reference to the nature of the conviction and with a proper limiting instruction, the probative value of the evidence justifies its use for impeachment pursuant to Rule 609. *Id.* The first part of Saquil-Orozco's motion in limine will be denied.

Because the prosecution represents that it will not offer evidence of Saquil-Orozco's drug-trafficking activities in its case in chief, pursuant to Rule 404(b), I conclude that the second part of Saquil-Orozco's motion in limine should be granted as undisputed.

THEREFORE, defendant Saquil-Orozco June 25, 2012, Motion In Limine And Request For Hearing (docket no. 26) is **granted in part and denied in part**, as follows:

1. The part of defendant Saquil-Orozco's Motion seeking to exclude, pursuant to Rule 609, if he testifies, evidence that he had a prior drug felony conviction is **denied**, to the extent that, if he testifies, the prosecution may impeach him with the fact of his prior conviction for a felony, but may not explore the nature of that felony, and an appropriate limiting instruction will be given; and

2. The part of defendant Saquil-Orozco's Motion seeking to exclude evidence that marijuana, scales, and alleged drug packaging materials were found in his possession, pursuant to Rule 404(b), is **granted as undisputed**.

**IT IS SO ORDERED**.

**DATED** this 3rd day of July, 2012.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA